IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* ) <br> LOUIS LONGO, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> WHEELING HOSPITAL, INC., ) <br> R & V ASSOCIATES, LTD., and ) <br> RONALD L. VIOLI, ) <br> ) <br> Defendants. ) | CIVIL ACTION NO. 5:19-CV-192 <br> (BAILEY) |

## REPORT OF PARTIES' PLANNING MEETING

Pursuant to Fed. R. Civ. P. 26(f), L.R. Civ. P. 16.01(c), and this Court's June 18, 2019 Order, *see* ECF No. 56, Plaintiff United States and Plaintiff-Relator Louis Longo (together, "Plaintiffs"), and Defendant Wheeling Hospital, Inc., Defendant R & V Associates, Ltd., and Defendant Ronald L. Violi (collectively, "Defendants") (together with Plaintiffs, the "Parties"), through counsel, set forth the written report of their planning meeting.

**I.    STATEMENT OF CASE**

*Plaintiffs' claims*:  This is an action to recover damages from false claims, payment by mistake, and unjust enrichment.  Plaintiffs have alleged that, since at least 2007, Wheeling Hospital, under the direction and control of R & V and Violi, systematically entered into compensation arrangements with physicians that did not comply with the requirements of the physician self-referral law, 42 U.S.C. § 1395nn (commonly referred to as the "Stark Law"), and in willful violation of the Anti-Kickback Statute, 42 U.S.C. § 1320a-7b(b) (the "AKS"). Plaintiffs allege that by knowingly submitting and causing the submission of Medicare claims

that resulted from such physicians' referrals to Wheeling Hospital, Defendants violated the False Claims Act ("FCA"), 31 U.S.C. §§ 3729-33, were paid by mistake, and were unjustly enriched.

*Defendants' defenses*: Defendants deny they violated the False Claims Act or that Plaintiffs have properly alleged False Claims Act violations, and will provide notice of their specific defenses at the time an Answer, if any, is filed.

## II.     INITIAL PLANNING MEETING

Pursuant to Fed. R. Civ. P. 16 and 26(f), L.R. Civ. P. 16.01(b), and this Court's June 18, 2019 Order, the Parties met and conferred telephonically on July 9, 2019.  Those participating were:

- Colin J. Callahan, Greg T. Kinskey, and Rohith V. Srinivas for Plaintiff United States;
- Jeffrey W. Dickstein, Amy L. Easton, and Sharon L. Potter for Plaintiff-Relator Louis Longo;
- Marc B. Chernenko and Meena T. Sinfelt for Defendant Wheeling Hospital, Inc.;
- Stephen S. Stallings, Kerry Verdi, and Kristen A. Wilson for Defendants R & V Associates, Ltd. and Ronald L. Violi

The Parties met and conferred further thereafter by email and telephone.

The Parties have discussed the nature and bases of Plaintiffs' claims and intend to have further discussions concerning Defendants' affirmative defenses.  The Parties have also discussed the possibilities for settlement or resolution of the case.  Plaintiffs are available to engage in settlement discussions.  Defendants do not believe they presently have enough information to engage in productive settlement discussions, but are open to such discussions at a later date.

The matters discussed or agreed upon during the Initial Planning Meeting are summarized as follows:

**III.    PROPOSED SCHEDULES**

The Parties jointly submit the following proposed schedule for litigation and discovery.

Motions to join additional parties or amend pleadings;  **January 31, 2020**

Examination / Inspection Deadline:  **April 10, 2020**

Close of fact discovery:  **April 30, 2020**

Experts:

    Designation by party with burden:  **February 28, 2020**

    Submission of expert report(s) by party with burden:  **March 31, 2020**

    Designation by party without burden:  **April 7, 2020**

    Submission of expert report(s) by party without burden:  **May 15, 2020**

    Close of expert discovery:  **June 15, 2020**

Intermediate Pretrial Conference:  **June 22, 2020**

Dispositive Motions:  **July 15, 2020**

    Responses:  **August 17, 2020**

    Replies:  **August 31, 2020**

Fed. R. 26(a)(3) disclosures:  **September 14, 2020**

    Objections:  **September 28, 2020**

Voire dire, jury instructions, and verdict form:  **September 14, 2020**

    Objections:  **September 28, 2020**

Motions in Limine:  **September 14, 2020**

      Objections:  **September 28, 2020**

Biographical sketches:  **September 14, 2020**

Joint Pretrial Order:  **October 5, 2020**

Final Pretrial Conference:  **October 12, 2020, at 3:00pm in Wheeling, WV**

Jury Trial:  **October 26, 2020, at 8:30am in Wheeling, WV**

The one proposed date as to which the Parties could not reach agreement is the "Mediation on or before" deadline.  Defendants believe that mediation after the close of discovery but before summary judgement would likely be more effective in reaching a settlement, if one were to be reached, and therefore propose a mediation deadline of **June 15, 2020**.  Plaintiffs do not presently share that position, given the Parties' discussions to date and the absence thus far of settlement discussions.  Plaintiffs therefore propose a mediation deadline of **August 17, 2020**, but are open to considering earlier mediation even if not required by the Court's scheduling order.

Plaintiffs estimate that the presentation of their case in chief will take approximately ten (10) court days.  Defendants estimate their defense to take approximately ten (10) court days.

## IV.   FEDERAL RULE OF CIVIL PROCEDURE 26(f)

### A.   Initial Disclosures

The Court's June 18, 2019 Order required the Parties to produce their Initial Disclosures under Fed. R. Civ. P. 26(a)(1) no later than August 15, 2019.  During the hearing held in this case on June 25, 2019, in connection with its ruling on the United States' Motion at ECF No. 37, the Court ordered the United States to produce its Initial Disclosures by July 15, 2019.  The United States produced its Initial Disclosures on July 15, 2019, *see* ECF No. 97.  Consistent with the

Court's June 18, 2019 Order, Plaintiff-Relator and Defendants intend to produce their Initial Disclosures by August 15, 2019.

**B.        Subjects on Which Discovery May Be Needed**

Plaintiffs believe discovery may be needed with respect to the Diocese of Wheeling-Charleston's oversight of, and communications with, Defendants; Wheeling Hospital's retention of, compensation paid to, and oversight of R & V and Violi; the activities and discussions of Wheeling Hospital's Board of Directors, including the Ad Hoc Committee thereof; R & V's and Violi's management of Wheeling Hospital; Defendants' recruitment of physicians, negotiations with physicians, and decision making regarding physician compensation; the productivity and referral patterns of Wheeling Hospital physicians; Defendants' knowledge concerning the statutory violations alleged in this case; and Defendants' compliance protocols.

Defendants believe that, depending upon the scope of the claims permitted to proceed, discovery will be needed into the physician-relationships claimed by Plaintiffs to implicate the False Claims Act, the materiality of the alleged false claims to the Government's payment decisions, the activities of the Relator, including his discussions with third-parties regarding his allegations, and other matters pertinent to the allegations ultimately at issue in this case.

**C.        Issues Related to Privilege or Protection of Trial-Preparation Materials**

The Parties jointly submit the attached Stipulated Clawback Order, *see* Ex. 1, and are in the process of negotiating a stipulated protective order that they hope to submit for the Court's consideration shortly.

### D. Changes to Limitations on Discovery

The Parties respectfully submit that the discovery limits set forth in the Federal Rules of Civil Procedure and the Local Rules for this District apply to this case, except that Plaintiffs and Defendants shall each be limited to maximum of twenty (20) depositions per side. All responses to interrogatories and requests for admission shall be served within thirty (30) days after service.

Defendants are currently considering a motion before the Court to limit Relator's involvement in the discovery process as the Relator is not proceeding on any separate claims and the United States has intervened. Plaintiffs would oppose any such motion.

### E. Additional Orders

The Parties reserve the right to pursue other permissible orders as needed prior to the end of discovery.

## V. ADDITIONAL ISSUES REQUIRED BY LOCAL CIVIL RULES

### A. Complex Case (L.R. 16.01(b)(1))

Plaintiffs do not believe this action is appropriate for designation as a complex case requiring special case management procedures and additional pretrial conferences. Plaintiffs believe that the factual and legal issues raised by this case are straightforward.

Defendants collectively believe that this case is appropriate for designation as a complex case, based on their position that the legal and factual framework inherent in health care False Claims Act cases based upon the Stark Law is complicated, requiring assistance of experts to understand the basic statutory framework.

**B.     Disputed Facts Alleged with Particularity (L.R. 16.01(b)(2))**

The Parties have not been able to agree on which, if any, facts the Complaint in Intervention pleads with particularity. Defendants have filed motions to dismiss, which argue, among other things, that certain facts have not been pled with particularity.

**C.     Magistrate Judge (L.R. 16.01(b)(3))**

While the Parties do not consent to trial by a United States Magistrate Judge, they do consent to the exercise of jurisdiction by a United States Magistrate Judge to conduct any proceedings regarding discovery issues in this case.

**D.     Alternative Dispute Resolution (L.R. 16.01(b)(4))**

All Parties are amenable to mediation by a Magistrate Judge of this District or by a private mediator.

**E.     Electronically Stored Information (L.R. 16.01(b)(5), 26.06)**

The producing party shall maintain electronically stored information in the format in which it exists at the time the request for discovery was made. Thereafter, any party may request the production of electronically stored information in its native format, and the Parties will meet and confer with respect to formatting specifications.

**F.     Scheduling Conference**

The Parties do not request a conference with the Court before entry of a Scheduling Order.

Dated: August 1, 2019

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General
Civil Division

WILLIAM J. POWELL
United States Attorney
Northern District of West Virginia

/s/ Rohith V. Srinivas
MICHAEL D. GRANSTON
COLIN M. HUNTLEY
LAURIE A. OBEREMBT
ROHITH V. SRINIVAS
Attorneys, Civil Division
U.S. Department of Justice
175 N Street, N.E.
Washington, D.C. 20002
(202) 307-6604
Rohith.V.Srinivas@usdoj.gov

/s/ Greg T. Kinskey
GREG T. KINSKEY
Assistant United States Attorney
Northern District of West Virginia
1125 Chapline Street, Suite 3000
Wheeling, WV 26003
(304) 234-7755
Greg.Kinskey@usdoj.gov

*Attorneys for the United States*

/s/ Jeffrey W. Dickstein
JEFFREY W. DICKSTEIN
Phillips and Cohen LLP
200 S. Biscayne Blvd., Suite 2790
Miami, FL 33131
(305) 372-5200
jdickstein@phillipsandcohen.com

/s/ Amy L. Easton
AMY L. EASTON
Phillips and Cohen LLP
2000 Massachusetts Ave. N.W. 1st Floor
Washington, DC 20036
(202) 833-4567
aeaston@phillipsandcohen.com

/s/ Christina S. Terek
CHRISTINA S. TEREK
Spilman Thomas & Battle, PLLC
1233 Main St, Suite 4000
Wheeling, WV 26003
(304) 230-6962
spotter@spilmanlaw.com

*Attorneys for Relator*

/s/ Meena Sinfelt
BILLY MARTIN
MEENA SINFELT
DAVID FRAZEE
Barnes & Thornburg LLP
1717 Pennsylvania Ave NW
Washington, DC 20006

/s/ Marc B. Chernenko
MARC B. CHERNENKO
William E. Watson & Associates
800 Main St
P.O. Box 111
Wellsburg, WV 26070

*Attorneys for Wheeling Hospital, Inc.*


/s/ Kerry Verdi
KERRY VERDI
BENJAMIN OGLETREE
Verdi & Ogletree PLLC
1325 G St NW
Washington, DC 20005

/s/ Stephen Stallings
STEPHEN STALLINGS
310 Grant St
Pittsburgh, PA 15219

/s/ Kristen Andrews Wilson
KRISTEN ANDREWS WILSON
Steptoe & Johnson PLLC
1233 Main St, Suite 3000
P.O. Box 751
Wheeling, WV 26003

*Attorneys for Ronald L. Violi and*
*R & V Associates, Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that on August 1, 2019, I electronically filed the foregoing Report with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Greg T. Kinskey
Assistant U.S. Attorney