# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# WHEELING

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* ) <br> LOUIS LONGO, ) <br> ) <br>           Plaintiff, ) <br> ) <br>    v. ) <br> ) <br> WHEELING HOSPITAL, INC., ) <br> R & V ASSOCIATES, LTD., and ) <br> RONALD L. VIOLI, ) <br> ) <br>           Defendants. ) | CIVIL ACTION NO. 5:19-192 <br> (BAILEY) |

## STIPULATED CLAWBACK ORDER

The Court hereby orders pursuant to Rule 502(d) of the Federal Rules of Evidence that, irrespective of the care that is actually exercised in reviewing materials for privilege, and subject to the provisions below, the inadvertent production of all or a part of a document or other privileged material shall not constitute a waiver of any privilege or protection as to any portion of that document or material, or as to any undisclosed privileged or protected communications or information concerning the same subject matter, in this or in any other proceeding. This Order applies to attorney-client privilege, work-product protections, including protections afforded by Fed. R. Civ. P. 26(b), and all privileges that may lawfully be asserted under federal law without limitation.

The procedures applicable to a claim of privilege and the resolution thereof shall be as follows:

1.  If a party determines that it has inadvertently produced material or information upon which it wishes to make a claim of privilege, the producing party shall, within 7 days after

the party discovers the production of the privileged or otherwise protected information, give all counsel of record notice of the claim of privilege (a "Privilege Notice") in writing. If the producing party claims that only a portion of a document is privileged, the producing party shall provide, along with the Privilege Notice, a new copy of the document with the allegedly privileged portions redacted. The producing party must preserve the specified document or information until the privilege claim is resolved.

2. Any Privilege Notice shall be served upon counsel of record for all parties, and shall contain information sufficient to: a) identify the document, by Bates number (if applicable) or by identifying information as necessary to locate the document within the materials produced; b) identify the privilege or protection asserted (the "privilege claim"); and c) explain the basis for the invocation of the privilege or protection.

3. Any party that complies with Paragraphs 1 and 2 will be deemed to have taken reasonable steps to rectify disclosures of privileged or protected information or materials for purposes of Fed. R. Evid. 502(b)(3), in this or in any other proceeding.

4. Upon receiving a Privilege Notice, the receiving party must, in accordance with Fed. R. Civ. P. 26(b)(5)(B), promptly sequester the specified information and any copies it has and may not use or disclose the information, except as provided by Fed. R. Civ. P. 26(b)(5)(B), until the claim is resolved. If a receiving party disclosed the document or information specified in the notice before receiving the notice, it must take reasonable steps to retrieve it, and so notify the producing party of the disclosure and its efforts to retrieve the document or information.

5. If a party wishes to dispute a claim of privilege asserted under this Order, such party shall, within 7 days of its receipt of the Privilege Notice, provide notice to the producing

party (a "Dispute Notice").  Such notice shall be in writing and shall state the basis for the receiving party's challenge to the privilege assertion.

6. The producing party shall, within seven days of its receipt of the Dispute Notice, respond in writing to the receiving party.

7. If the parties are unable to agree upon whether the document identified in the Privilege Notice is subject to privilege, the receiving party may, within 14 days of its receipt of the producing party's response described in paragraph 6, move the Court for an order compelling disclosure of the information.  Only the producing party may present the information to the Court in camera, under seal for a determination of the privilege claim.  The challenging party may not assert, as a ground for compelling disclosure, the fact or circumstances of the disclosure.

8. Nothing in this Order shall be construed to relieve the producing party of its burden to prove its privilege claim.

9. Pending resolution of the motion, the parties shall not use the challenged information for any other purpose and shall not disclose it to any person other than those required by law to be served with a copy of the sealed motion. The receiving party's motion challenging the assertion must not publicly disclose the information claimed to be privileged. Any further briefing by any party also shall not publicly disclose the information claimed to be privileged.

10. If a party identifies a document that appears on its face or in light of facts known to the party, to be subject to another party's potential claim of privilege, the party identifying the potential claim of privilege shall promptly notify the party holding the potential claim of privilege.  Such notification shall not waive the identifying party's ability to subsequently

challenge any assertion of privilege with respect to the identified document.  If the party holding the potential claim of privilege wishes to assert a claim of privilege, it shall provide a Privilege Notice within five business days of receiving notice from the identifying party.

SO STIPULATED AND AGREED:

Dated:  August 1, 2019                                              Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General
Civil Division

WILLIAM J. POWELL
United States Attorney
Northern District of West Virginia

/s/ Rohith V. Srinivas
MICHAEL D. GRANSTON
COLIN M. HUNTLEY
LAURIE A. OBEREMBT
ROHITH V. SRINIVAS
Attorneys, Civil Division
U.S. Department of Justice
175 N Street, N.E.
Washington, D.C. 20002
(202) 307-6604
Rohith.V.Srinivas@usdoj.gov

/s/ Greg T. Kinskey
GREG T. KINSKEY
Assistant United States Attorney
Northern District of West Virginia
1125 Chapline Street, Suite 3000
Wheeling, WV 26003
(304) 234-7755
Greg.Kinskey@usdoj.gov

*Attorneys for the United States*

/s/ Jeffrey W. Dickstein
JEFFREY W. DICKSTEIN
Phillips and Cohen LLP
200 S. Biscayne Blvd., Suite 2790
Miami, FL 33131
(305) 372-5200
jdickstein@phillipsandcohen.com

/s/ Amy L. Easton
AMY L. EASTON
Phillips and Cohen LLP
2000 Massachusetts Ave. N.W. 1st Floor
Washington, DC 20036
(202) 833-4567
aeaston@phillipsandcohen.com

/s/ Christina S. Terek
CHRISTINA S. TEREK
Spilman Thomas & Battle, PLLC
1233 Main St, Suite 4000
Wheeling, WV 26003
(304) 230-6962
spotter@spilmanlaw.com

*Attorneys for Relator*

/s/ Meena Sinfelt
BILLY MARTIN
MEENA SINFELT
DAVID FRAZEE
Barnes & Thornburg LLP
1717 Pennsylvania Ave NW
Washington, DC 20006

/s/ Marc B. Chernenko
MARC B. CHERNENKO
William E. Watson & Associates
800 Main St
P.O. Box 111
Wellsburg, WV 26070

*Attorneys for Wheeling Hospital, Inc.*


/s/ Kerry Verdi
KERRY VERDI
BENJAMIN OGLETREE
Verdi & Ogletree PLLC
1325 G St NW
Washington, DC 20005

/s/ Stephen Stallings
STEPHEN STALLINGS
310 Grant St
Pittsburgh, PA 15219

/s/ Kristen Andrews Wilson
KRISTEN ANDREWS WILSON
Steptoe & Johnson PLLC
1233 Main St, Suite 3000
P.O. Box 751
Wheeling, WV 26003

*Attorneys for Ronald L. Violi and
R & V Associates, Ltd.*

SO ORDERED

DATED:

                                                                         _____

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE