## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| UNITED STATES *ex rel.* | ) | Docket No. 19-cv-00192-JPB |
| LOUIS LONGO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WHEELING HOSPITAL, INC., | ) | |
| R&V ASSOCIATES, LTD., and | ) | |
| RONALD L. VIOLI, | ) | |
| | ) | |
| Defendants. | ) | |

### ANSWER OF DEFENDANT R&V ASSOCIATES, LTD.

NOW COMES Defendant R&V Associates, Ltd., ("R&V" or "Defendant") and, for its Answer to the allegations contained in Plaintiff United States of America's ("Government") Complaint-in-Intervention ("Complaint") (ECF #19), hereby responds as set forth below. Each and every allegation contained in the Complaint that is not specifically admitted herein is hereby denied. In addition, to the extent not expressly noted herein, Defendant R&V's answers respond to the allegations in the same-numbered paragraphs of the Government's Complaint.

Defendant denies the allegations contained in the Government's introductory paragraph located above Paragraph 1 of the Complaint.

### NATURE OF THE ACTION

1.     The allegations contained in Paragraph 1 of the Complaint contains a description of the Government's Complaint, to which no response is required. To the extent at response is required, the allegations are denied.

2.     Denied.

## JURISDICTION AND VENUE

3.      Defendant admits that this Court has subject matter jurisdiction over this case.

4.      Defendant admits that this Court has personal jurisdiction over the Defendants in this case.

5.      Defendant admits that this Court is a proper venue for this action.

## THE PARTIES

6.      Defendant admits that the United States is the Plaintiff. The remainder of the allegations in Paragraph 6 of the Complaint are statements of law to which no response is required. To the extent a response is required, the remaining allegations are denied.

7.      The allegations in Paragraph 7 of the Complaint are not directed to R&V and therefore no response is required. To the extent a response is required, the allegations are denied.

8.      The allegations in Paragraph 8 of the Complaint are not directed to R&V and therefore no response is required. To the extent a response is required, the allegations are denied.

9.      Defendant admits the allegations contained in the first sentence of Paragraph 9 of the Complaint. Defendant admits that Defendant Ronald L. Violi and non-party Vincent Deluzio founded R&V, and that R&V began serving as a management consultant to Defendant Wheeling Hospital, Inc. ("Wheeling Hospital") in 2006, with the scope of its duties described in written agreements that are in the Government's possession. Defendant denies the remaining allegations in Paragraph 9.

10.     The allegations in Paragraph 10 of the Complaint are not directed to R&V and therefore no response is required. To the extent a response is required, the allegations are denied.

## LEGAL AND REGULATORY BACKGROUND

**I.      The False Claims Act**

11.     The allegations in Paragraph 11 of the Complaint contain statements of law to which no response is required.  To the extent a response is required, the allegations are denied.

12.     The allegations in Paragraph 12 of the Complaint contain statements of law to which no response is required.  To the extent a response is required, the allegations are denied.

13.     The allegations in Paragraph 13 of the Complaint contain statements of law to which no response is required.  To the extent a response is required, the allegations are denied.

**II.     The Medicare Program**

14.     The allegations in Paragraph 14 of the Complaint contain statements of law to which no response is required.  To the extent a response is required, the allegations are denied.

15.     The allegations in Paragraph 15 of the Complaint contain statements of law to which no response is required.  To the extent a response is required, the allegations are denied.

16.     The allegations in Paragraph 16 of the Complaint contain statements of law to which no response is required.  To the extent a response is required, the allegations are denied.

17.     The allegations in Paragraph 17 of the Complaint contain statements of law to which no response is required.  To the extent a response is required, the allegations are denied.

18.     The allegations in Paragraph 18 of the Complaint contain statements of law to which no response is required.  To the extent a response is required, the allegations are denied.

19.     The allegations in Paragraph 19 of the Complaint contain statements of law to which no response is required.  To the extent a response is required, the allegations are denied.

20.     The allegations in Paragraph 20 of the Complaint contain statements of law to which no response is required.  To the extent a response is required, the allegations are denied.

21.     The allegations in Paragraph 21 of the Complaint contain statements of law to which no response is required.  To the extent a response is required, the allegations are denied.

22.     The allegations in Paragraph 22 of the Complaint contain statements of law to which no response is required.  To the extent a response is required, the allegations are denied.

23.     The allegations in Paragraph 23 of the Complaint contain statements of law to which no response is required.  To the extent a response is required, the allegations are denied.

24.     The allegations in Paragraph 24 of the Complaint contain statements of law to which no response is required.  To the extent a response is required, the allegations are denied.

25.     The allegations in Paragraph 25 of the Complaint contain statements of law to which no response is required.  To the extent a response is required, the allegations are denied.

26.     The allegations in Paragraph 26 of the Complaint contain statements of law to which no response is required.  To the extent a response is required, the allegations are denied.

27.     The allegations in Paragraph 27 of the Complaint contain statements of law to which no response is required.  To the extent a response is required, the allegations are denied.

28.     The allegations in Paragraph 28 of the Complaint contain statements of law to which no response is required.  To the extent a response is required, the allegations are denied.

29.     The allegations in Paragraph 29 of the Complaint contain statements of law to which no response is required.  To the extent a response is required, the allegations are denied.

30.     The allegations in Paragraph 30 of the Complaint contain statements of law to which no response is required.  To the extent a response is required, the allegations are denied.

31.     The allegations in Paragraph 31 of the Complaint contain statements of law to which no response is required.  To the extent a response is required, the allegations are denied.

32.     The allegations in Paragraph 32 of the Complaint contain statements of law to which no response is required.  To the extent a response is required, the allegations are denied.

33.     The allegations in Paragraph 33 of the Complaint contain statements of law to which no response is required.  To the extent a response is required, the allegations are denied.

34.     The allegations in Paragraph 34 of the Complaint contain statements of law to which no response is required.  To the extent a response is required, the allegations are denied.

**III.    The Stark Law**

35.     The allegations in Paragraph 35 of the Complaint contain statements of law to which no response is required.  To the extent a response is required, the allegations are denied.

36.     The allegations in Paragraph 36 of the Complaint contain statements of law to which no response is required.  To the extent a response is required, the allegations are denied.

37.     The allegations in Paragraph 37 of the Complaint contain statements of law to which no response is required.  To the extent a response is required, the allegations are denied.

38.     The allegations in Paragraph 38 of the Complaint contain statements of law to which no response is required.  To the extent a response is required, the allegations are denied.

39.     The allegations in Paragraph 39 of the Complaint contain statements of law to which no response is required.  To the extent a response is required, the allegations are denied.

40.     The allegations in Paragraph 40 of the Complaint contain statements of law to which no response is required.  To the extent a response is required, the allegations are denied.

41.     The allegations in Paragraph 41 of the Complaint contain statements of law to which no response is required.  To the extent a response is required, the allegations are denied.

42.     The allegations in Paragraph 42 of the Complaint contain statements of law to which no response is required.  To the extent a response is required, the allegations are denied.

43.     The allegations in Paragraph 43 of the Complaint contain statements of law to which no response is required.  To the extent a response is required, the allegations are denied.

44.     The allegations in Paragraph 44 of the Complaint contain statements of law to which no response is required.  To the extent a response is required, the allegations are denied.

45.     The allegations in Paragraph 45 of the Complaint contain statements of law to which no response is required.  To the extent a response is required, the allegations are denied.

46.     The allegations in Paragraph 46 of the Complaint contain statements of law to which no response is required.  To the extent a response is required, the allegations are denied.

47.     The allegations in Paragraph 47 of the Complaint contain statements of law to which no response is required.  To the extent a response is required, the allegations are denied.

**IV.    The Anti-Kickback Statute**

48.     The allegations in Paragraph 48 of the Complaint contain statements of law to which no response is required.  To the extent a response is required, the allegations are denied.

49.     The allegations in Paragraph 49 of the Complaint contain statements of law to which no response is required.  To the extent a response is required, the allegations are denied.

50.     The allegations in Paragraph 50 of the Complaint contain statements of law to which no response is required.  To the extent a response is required, the allegations are denied.

51.     The allegations in Paragraph 51 of the Complaint contain statements of law to which no response is required.  To the extent a response is required, the allegations are denied.

52.     The allegations in Paragraph 52 of the Complaint contain statements of law to which no response is required.  To the extent a response is required, the allegations are denied.

53.     The allegations in Paragraph 53 of the Complaint contain statements of law to which no response is required.  To the extent a response is required, the allegations are denied.

54.     The allegations in Paragraph 54 of the Complaint contain statements of law to which no response is required.  To the extent a response is required, the allegations are denied.

55.     The allegations in Paragraph 55 of the Complaint contain statements of law to which no response is required.  To the extent a response is required, the allegations are denied.

56.     The allegations in Paragraph 56 of the Complaint contain statements of law to which no response is required.  To the extent a response is required, the allegations are denied.

## **DEFENDANTS' FRAUD SCHEME**

57.     The allegations in Paragraph 57 are not directed to R&V and therefore no response is required.  To the extent a response is required, the allegations are denied.

58.     Defendant admits that in 2006, Wheeling Hospital entered into a management consultant contract with R&V pursuant to which R&V provided certain management consulting services to Wheeling Hospital, and that the contract was renewed several times.  Defendant denies the remaining allegations in Paragraph 58 of the Complaint.

59.     Defendant admits that pursuant to Wheeling Hospital's management consultant agreement with R&V, Defendant Violi served as Wheeling Hospital's Chief Executive Officer.  Defendant denies the remaining allegations in Paragraph 59 of the Complaint.

60.     Defendant admits that its retention by Wheeling Hospital is set forth in Wheeling Hospital's management consultant agreement with R&V, which speaks for itself and is in the Government's possession.  Defendant denies the remaining allegations in Paragraph 60 of the Complaint.

61.     Defendant admits that its retention by Wheeling Hospital is set forth in Wheeling Hospital's management consultant agreement with R&V, which speaks for itself and is in the Government's possession.  Defendant denies the remaining allegations in Paragraph 61 of the Complaint.

62.     Defendant admits that its retention by Wheeling Hospital is set forth in Wheeling Hospital's management consultant agreement with R&V, which speaks for itself and is in the Government's possession.  Defendant denies the remaining allegations in Paragraph 62 of the Complaint.

63.     Defendant admits that its retention by Wheeling Hospital is set forth in Wheeling Hospital's management consultant agreement with R&V, which speaks for itself and is in the Government's possession.  Defendant denies the remaining allegations in Paragraph 63 of the Complaint.

64.     Defendant admits that its retention by Wheeling Hospital is set forth in Wheeling Hospital's management consultant agreement with R&V, which speaks for itself and is in the Government's possession.  Defendant denies the remaining allegations in Paragraph 64 of the Complaint.

I.     **Defendants' Physician Relationships**

65.     Denied.

66.     Denied.

67.     Denied.

68.     Denied

69.     Denied.

**A.**     **Dr. Adam Tune**

70.     Denied.

71.     Denied.

72.     Defendant lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 72 of the Complaint, which therefore are denied.

73.     Defendant lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 73 of the Complaint, which therefore are denied.

74.     Denied.

75.     Denied.

76.     Defendant lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 76 of the Complaint, which therefore are denied.

77.     Defendant lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 77 of the Complaint, which therefore are denied.

78.     Denied.

79.     Denied.

80.     Defendant admits that the August 19, 2013 agreement referenced in Paragraph 80 of the Complaint speaks for itself.  The remaining allegations in Paragraph 80 are denied.

81.     Defendant admits that the August 19, 2013 agreement referenced in Paragraph 81 of the Complaint speaks for itself.  The remaining allegations in Paragraph 81 are denied.

82.     Defendant admits that the August 19, 2013 agreement referenced in Paragraph 82 of the Complaint speaks for itself.  The remaining allegations in Paragraph 82 are denied.

83.     Defendant lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 83 of the Complaint, which therefore are denied.

84.     Defendant lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 84 of the Complaint, which therefore are denied.

85.     Denied.

86.     Denied.

87.     Defendant admits that the January 1, 2016 agreement referenced in Paragraph 87 of the Complaint speaks for itself.  Defendant denies the remaining allegations in Paragraph 87.

88.     Defendant lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 88 of the Complaint, which therefore are denied.

89.     Defendant lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 89 of the Complaint, which therefore are denied.

90.     Defendant lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 90 of the Complaint, which therefore are denied.

91.     Defendant lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 91 of the Complaint, which therefore are denied.

92.     Denied.

93.     Denied.

94.     Denied.

95.     Denied.

96.     Denied.

**B.     Employed Physicians**

97.     Denied.

98.     Defendant lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 98 of the Complaint, which therefore are denied.

99.     Denied.

100.    Denied.

101.    Denied.

102.    Denied.

103.    Denied.

104.    Denied.

105.    Denied.

106.    Denied.

107.    Denied.

**C.      Radiology Associates**

108.    Admitted.

109.    Defendant lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 109 of the Complaint, which therefore are denied.

110.    Defendant lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 110 of the Complaint, which therefore are denied.

111.    Defendant lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 111 of the Complaint, which therefore are denied.

112.    Defendant lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 112 of the Complaint, which therefore are denied.

113.    Denied.

114.    Denied.

115.    Denied.

116.    Denied.

## II.      Defendants' False Claims and Statements

117.    Denied.

118.    The allegations in Paragraph 118 of the Complaint contain statements of law to which no response is required.  To the extent a response is required, the allegations are denied.

119.    Defendant lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 119 of the Complaint, which therefore are denied.

120.    Denied.

121.    Denied.

122.    Denied.

123.    Defendant admits that the cost reports referenced in Paragraph 123 of the Complaint speak for themselves.  Defendant denies the remaining allegations in Paragraph 123.

124.    Defendant admits that the cost reports referenced in Paragraph 124 of the Complaint speak for themselves.  Defendant denies the remaining allegations in Paragraph 124.

125.    Denied.

126.    Denied.

127.    Denied.

128.    Denied.

## III.     Defendants' Scienter

129.    The allegations contained in Paragraph 129 of the Complaint are not directed to R&V and therefore no response is required.  To the extent a response is required, the allegations are denied.

130.    Denied.

131.    Defendant admits that it was aware of the requirements of the Stark Law, AKS and FCA, but relied upon internal and external professionals to provide specific advice and guidance regarding such requirements.  Defendant denies the remaining allegations and characterizations in Paragraph 131 of the Complaint.

132.    Defendant admits that it was aware of the requirements of the Stark Law, AKS and FCA, but relied upon internal and external professionals to provide specific advice and guidance regarding such requirements.  Defendant denies the remaining allegations and characterizations in Paragraph 132 of the Complaint.

133.    Denied.

134.    Defendant admits that the information set forth on R&V's website speaks for itself and denies the remaining allegations and characterizations in Paragraph 134 of the Complaint.

135.    Defendant admits that the information set forth on R&V's website speaks for itself and denies the remaining allegations and characterizations in Paragraph 135 of the Complaint.

136.    Denied.

137.    Defendant denies the allegation that R&V and Defendant Violi "took over management of Wheeling Hospital," but admits that Wheeling Hospital provided Stark Law and AKS training.

138.    Defendant lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 138, which therefore are denied.

139.    Defendant lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 139 of the Complaint, which therefore are denied.

140.    Defendant lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 140 of the Complaint, which therefore are denied.

141.    Defendant lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 141 of the Complaint, which therefore are denied.

142.    Denied.

143.    The allegations contained in Paragraph 143 of the Complaint are not directed to R&V and therefore no response is required.  To the extent a response is required, the allegations are denied.

144.    Defendant lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 144 of the Complaint, which therefore are denied.

145.    Defendant lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 145 of the Complaint, which therefore are denied.

146.    Defendant lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 146 of the Complaint, which therefore are denied.

147.    Defendant lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 147 of the Complaint, which therefore are denied.

148.    Denied.

149.    Denied.

150.    Denied.

151.    Defendant lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 151 of the Complaint, which therefore are denied.

152.    Denied.

**IV.    Materiality**

153.    Denied.

154.    Denied.

155.     Denied.

156.     The allegations in Paragraph 156 of the Complaint contain statements of law to which no response is required.  To the extent a response is required, the allegations are denied.

157.     The allegations in Paragraph 157 of the Complaint contain statements of law to which no response is required.  To the extent a response is required, the allegations are denied.

158.     The allegations in Paragraph 158 of the Complaint contain statements of law to which no response is required.  To the extent a response is required, the allegations are denied.

159.     Denied.

160.     Defendant lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 160 of the Complaint, which therefore are denied.

161.     The judicial decision cited in Paragraph 161 of the Complaint speaks for itself and Defendant denies the remaining allegations in Paragraph 161.

162.     The judicial decision cited in Paragraph 162 of the Complaint speaks for itself and Defendant denies the remaining allegations in Paragraph 162.

163.     Defendant lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 163 of the Complaint, which therefore are denied.

164.     Defendant lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 164 of the Complaint, which therefore are denied.

165.     Defendant lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 165 of the Complaint, which therefore are denied.

166.     Defendant lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 166 of the Complaint, which therefore are denied.

167.     Denied.

## FIRST CAUSE OF ACTION

168.    Defendant incorporates its responses to Paragraphs 1 to 167 above as if fully set forth in this Paragraph.

169.    Denied.

170.    Denied.

171.    Denied.

## SECOND CAUSE OF ACTION

172.    Defendant incorporates its responses to Paragraph 1 to 171 above as if fully set forth in this Paragraph.

173.    Denied.

174.    Denied.

175.    Denied.

176.    Denied.

177.    Denied

## THIRD CAUSE OF ACTION

178.    Defendant incorporates its responses to Paragraphs 1 to 177 above as if fully set forth in this Paragraph.

179.    Denied.

180.    Denied.

181.    Denied.

## FOURTH CAUSE OF ACTION

182.    Defendant incorporates its responses to Paragraphs 1 to 181 above as if fully set forth in this Paragraph.

16

183.    This cause of action and the allegations in Paragraph 183 of the Complaint are not directed to R&V and therefore no response is required.  To the extent a response is required, the allegations are denied.

184.    This cause of action and the allegations in Paragraph 18 of the Complaint are not directed to R&V and therefore no response is required.  To the extent a response is required, the allegations are denied.

## FIFTH CAUSE OF ACTION

185.    Defendant incorporates its responses to Paragraphs 1 to 184 above as if fully set forth in this Paragraph.

186.    This cause of action and the allegations in Paragraph 186 of the Complaint are not directed to R&V and therefore no response is required.  To the extent a response is required, the allegations are denied.

187.    This cause of action and the allegations in Paragraph 187 of the Complaint are not directed to R&V and therefore no response is required.  To the extent a response is required, the allegations are denied.

## PRAYER FOR RELIEF

I.      Denied.

II.     Denied.

III.    Denied.

IV.     The fourth count of the Complaint is not directed to R&V and therefore no response is required.  To the extent a response is required, the allegations are denied.

V.      The fifth count of the Complaint is not directed to R&V and therefore no response is required.  To the extent a response is required, the allegations are denied.

17

## AFFIRMATIVE DEFENSES

### First Affirmative Defense
(Statute of Limitations)

1.      The Government's claims in its Complaint are barred, either in whole or in part, by the applicable statute of limitations.

### Second Affirmative Defense
(Estoppel)

2.      The Government's claims are barred either in whole or in part by the doctrine of estoppel.

### Third Affirmative Defense
(Good Faith)

3.      Defendant acted in good faith at all times and not with any improper or illegal purpose or intent.

### Fourth Affirmative Defense
(Stark Law Exceptions)

4.      One or more of the Stark Law's regulatory exceptions, including but not limited to the rental of office space exception under 42 C.F.R. § 411.357, the referral definition of 42 C.F.R. § 411.351, and the compensation arrangement definition of 42 C.F.R. § 411.354(c), require dismissal or denial of all of the Government's claims against Defendant.

### Fifth Affirmative Defense
(Stark Law Exceptions)

5.      One or more of the Stark Law's regulatory exceptions, including but not limited to the rental of equipment, exception under 42 C.F.R. § 411.357, the referral definition of 42 C.F.R. § 411.351, and the compensation arrangement definition of 42 C.F.R. § 411.354(c), require dismissal or denial of all of the Government's claims against Defendant.

### Sixth Affirmative Defense
(Stark Law Exceptions)

6.     One or more of the Stark Law's regulatory exceptions, including but not limited to the bona fide employment relationships exception under 42 C.F.R. § 411.357, the referral definition of 42 C.F.R. § 411.351, and the compensation arrangement definition of 42 C.F.R. § 411.354(c), require dismissal or denial of all of the Government's claims against Defendant.

### Seventh Affirmative Defense
(Stark Law Exceptions)

7.     One or more of the Stark Law's regulatory exceptions, including but not limited to personal services arrangements exception under 42 C.F.R. § 411.357, the referral definition of 42 C.F.R. § 411.351, and the compensation arrangement definition of 42 C.F.R. § 411.354(c), require dismissal or denial of all of the Government's claims against Defendant.

### Eighth Affirmative Defense
(Stark Law Exceptions)

8.     One or more of the Stark Law's regulatory exceptions, including but not limited to the fair market value compensation exception under 42 C.F.R. § 411.357, the referral definition of 42 C.F.R. § 411.351, and the compensation arrangement definition of 42 C.F.R. § 411.354(c), require dismissal or denial of all of the Government's claims against Defendant.

### Ninth Affirmative Defense
(Stark Law Exceptions)

9.     One or more of the Stark Law's regulatory exceptions, including but not limited to the indirect compensation arrangement exception under 42 C.F.R. § 411.357, the referral definition of 42 C.F.R. § 411.351, and the compensation arrangement definition of 42 C.F.R. § 411.354(c), require dismissal or denial of all of the Government's claims against Defendant.

### Tenth Affirmative Defense
(AKS Safe Harbor Provisions)

10.     One or more of the Anti-Kickback regulatory safe harbors, including but not limited to space rental safe harbor under 42 C.F.R. § 1001.952, require dismissal or denial of all of the Government's claims against Defendant.

### Eleventh Affirmative Defense
(AKS Safe Harbor Provisions)

11.     One or more of the Anti-Kickback regulatory safe harbors, including but not limited to equipment rental safe harbor under 42 C.F.R. § 1001.952, require dismissal or denial of all of the Government's claims against Defendant.

### Twelfth Affirmative Defense
(AKS Safe Harbor Provisions)

12.     One or more of the Anti-Kickback regulatory safe harbors, including but not limited to personal service and management contracts safe harbor under 42 C.F.R. § 1001.952, require dismissal or denial of all of the Government's claims against Defendant.

### Thirteenth Affirmative Defense
(AKS Safe Harbor Provisions)

13.     One or more of the Anti-Kickback regulatory safe harbors, including but not limited to employee safe harbor under 42 C.F.R. § 1001.952, require dismissal or denial of all of the Government's claims against Defendant.

### Fourteenth Affirmative Defense
(Unconstitutionality of the False Claims Act)

14.     To the extent that penalties imposed under the False Claims Act exceed any actual damage incurred by the Government as a result of any claims paid, the False Claims Act violates the Excessive Fines Clause of the Eighth Amendment to the United States Constitution, and therefore is void.

### Fifteenth Affirmative Defense
(Failure to Join Necessary Parties)

15.     Plaintiff failed to join necessary parties.

### Sixteenth Affirmative Defense
(Laches)

16.     The Government's claims in its Complaint are barred, either in whole or in part, by the applicable laches.

### Seventeenth Affirmative Defense
(Unclean Hands)

17.     The Government's claims in its Complaint are barred, either in whole or in part, by the applicable unclean hands.

### Eighteenth Affirmative Defense
(Reservation of Right to Assert Additional Defenses)

Defendant reserves the right to assert any additional and further defenses that may be revealed by information obtained during the course of investigation and discovery as consistent with the Federal Rules of Civil Procedure.

### DEMAND FOR JURY TRIAL

A jury trial is demanded.

Respectfully submitted,                                              Date:  October 2, 2019


*/s/ Kristen Andrews Wilson*
Kristen Andrews Wilson, Esq. (WV 11342)
Steptoe & Johnson PLLC
1233 Main Street, Suite 3000
P.O. Box 751
Wheeling, WV 26003
Phone: (304) 233-0000
Fax: (304) 233-0014

*/s/ Stephen S. Stallings*
Stephen S. Stallings
310 Grant Street, Suite 3600
Pittsburgh, PA 15219
T: 412.322.7777
F: 412.322.7773
attorney@stevestallingslaw.com

*/s/ Kerry Brainard Verdi*
Kerry Brainard Verdi
Benjamin R. Ogletree
Verdi & Ogletree PLLC
1325 G Street, NW, Suite 500
Washington, DC 20005
phone:  202.449.7703
fax:  202.449.7701
kverdi@verdiogletree.com
bogletree@verdiogletree.com

*Attorneys for Defendant R&V Associates, Ltd.*

<u>**CERTIFICATE OF SERVICE**</u>

I certify that a true and correct copy of the foregoing was served via CM/ECF on all counsel

of record in this action registered to receive CM/ECF notification.

Date:   October 2, 2019

By:
/s/ *Kristen Andrews Wilson*
Kristen Andrews Wilson, Esq. (WV 11342)